Tucker, P.
delivered the opinion of the court—That the judgment should be affirmed. Admitting, that,'upon statutory bonds of a fiduciary character, an action cannot be maintained in the name of the fiduciary without a relator; and admitting that an action cannot be maintained upon an indenture of apprenticeship regularly entered into according to law, in the name of the overseers of the poor, but must be sued in the name of *561 the apprentice, Poindexter v. Wilton, 3 Munf. 183. yet, where the indenture is entered into by the overseers, without an order of court to bind the orphan, such indenture is not a statutory deed, and cannot be sued upon as such. It can only be sued upon according to the common law. Now, nothing is better settled, than that in the case of a deed inter partes, one who is not a party to it cannot sue on a covenant therein, though made for his benefit. Gilby v. Copley, 3 Lev. 138. 1 Chitt. Plead. 4. This action, therefore, was misconceived, since the indenture of apprenticeship was not entered into in pursuance of an order of the court having jurisdiction of the matter, which ought always to appear on the face of the indenture (see the form, Hening’s Justice 68.), and the covenant being a common law deed, it could only be sued on in the name of the overseers of the poor who are parties to it.
Judgment affirmed.